■ In the Matter of Exxon Corporation, Petitioner, v Board of Standards and Appeals of the City of New York et al., Respondents.—In this proceeding pursuant to CPLR article 78 transferred to this court in accordance with CPLR 7804 (g) by order of the Supreme Court, New York County (Charles E. Ramos, J.), entered on February 3, 1989, the petition is unanimously granted and the resolution of the Board of Standards and Appeals of the City of New York, dated August 9, 1988 and filed on August 10, 1988, is annulled and the matter remanded for approval of petitioner's application to modify the use of its premises, without costs or disbursements.

The dispute herein, involving an attempt by petitioner Exxon Corporation to procure permission to operate a combined convenience store/gasoline station on its premises in Bayside, Queens, was previously considered by this court some two years ago. At that time, we held that "a convenience store is not prohibited as an accessory use by the Zoning Resolution, although it is not expressly authorized," and the matter was remanded to respondent Board of Standards and Appeals of the City of New York "for specific findings of fact as to whether Exxon's proposed use qualifies as an accessory use within the section 12-10 general definition of that term" *(Matter of Exxon Corp. v Board of Stds. & Appeals,* 128 AD2d 289, 299, *lv denied* 70 NY2d 614). Notwithstanding this court's unambiguous determination that a convenience store is not precluded as an accessory use, respondent, following a public hearing, found in its resolution that "a retail convenience store is inherently different from and wholly unrelated to the

sale of gasoline" and is, therefore, "not an accessory use to an automotive service station". However, since the question of a convenience store as an accessory use was already definitively settled prior to the remand, the only matter before the Board was whether Exxon's specific proposed use qualifies as an accessory use by being "one customarily found in connection with, and incidental to, the sale of gasoline" *(Matter of Exxon Corp. v Board of Stds. & Appeals, supra,* at 298), not whether convenience stores in general constitute an accessory use. An examination of the record herein indicates that the only basis for respondent's rejection of Exxon's application is its opposition to the concept of operating convenience stores in conjunction with gasoline stations, the issue previously decided by this court. In that regard, the evidence demonstrates that the specific use proposed by petitioner is a qualified accessory use in that the type of convenience store intended by Exxon is commonly and customarily found in connection with, and incidental to, the principal use of an automotive service station. Thus, Exxon's proposal to modify its existing use, in part, with the addition of a small retail convenience store clearly satisfies the definition of accessory use contained in section 12-10 of the New York City Zoning Resolution, and petitioner's application should, consequently, have been granted. Concur—Carro, J. P., Milonas, Kassal, Rosenberger and Rubin, JJ.